OPINION
Defendant-appellant, Jeffrey L. Gayheart, appeals a Fayette County Court of Common Pleas judgment entry overruling his motion for relief from judgment. For the reasons that follow, we affirm the decision of the trial court.
Plaintiff-appellee, Lightning Rod Mutual Insurance Company ("Lightning Rod Insurance"), filed a complaint against appellant on August 7, 1996. This complaint alleged that appellant had negligently operated his motor vehicle when it went left of center and collided with an insured of Lightning Rod Insurance. The complaint requested money damages from appellant. The complaint and a summons were sent to appellant by certified mail on August 8, 1996. They were addressed to 183 Buchannon Road in Waverly, Ohio. The summons and complaint were returned "unclaimed." Lightning Rod Insurance filed a precipae for ordinary mail service on December 24, 1996. The clerk of courts sent the complaint by ordinary mail on December 27, 1996, which completed service. Lightning Rod Insurance filed an application for default judgment on October 31, 1997. The trial court entered a default judgment in favor of Lightning Rod Insurance on November 7, 1997.
Appellant filed a pro se motion for relief from judgment pursuant to Civ.R. 60(B)(5) on July 12, 1999. Lightning Rod Insurance filed a motion in opposition on August 4, 1999. The trial court denied the motion for relief from judgment on August 27, 1999. Appellant then filed this appeal, in which he raises a sole assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S MOTION FOR RELIEF AFTER JUDGMENT.
Appellant contends that the trial court erred by overruling his motion for relief from judgment. We disagree.
In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must show a meritorious defense or claim to present if relief is granted, entitlement to relief under one of the grounds provided for in the rule, and that the motion was made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's ruling on a Civ.R. 60(B) motion must not be disturbed on appeal absent an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
In his motion for relief from judgment, appellant states that "the Defendant pray that the judgment against him be set aside so that he can legally present the evidence that will show that he is not, and was never, responsible for the deaths as setforth [sic] in the Complaint." However, appellant does not make any other assertion about his possible defense in this case in his motion. In his motion, appellant also asserts that he never received a copy of the complaint or any of the filings in the case. In support of his claim, appellant attached affidavits from his mother and himself stating that appellant did not live at 183 Buchannon Road at the time of service.
Pursuant to Loc.R. 5, appellant filed notification of lack of transcript with this court. Without a transcript to review, we do not know whether appellant presented a meritorious defense at oral argument or presented additional evidence regarding service of the complaint. The trial court was not required to believe appellant's self-serving affidavits alleging that service was not properly made. We cannot determine whether the findings and orders of the trial court are an abuse of discretion without reviewing the proceedings that led to the trial court's decision. Therefore, without a transcript to review, we will presume the validity and regularity of the proceedings below with respect to the trial court's determination. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.[1]
Even if the court were to determine that appellant was not properly served, it is still necessary to show that appellant has a meritorious defense. Therefore, we find that the trial court properly denied appellant's motion for relief from judgment. SeeGTE, 47 Ohio St.2d 146. Appellant's assignment of error is overruled.
Judgment affirmed.
 ______________________ Presiding Judge VALEN, J.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellant also failed to file or request a statement of the proceeding where a transcript is unavailable. See App.R. 9(C).